UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IRTH SOLUTIONS, LLC,

                              Plaintiff,

                                                                               Case # 19-CV-6175-FPG

v.

                                                                               **DECISION AND ORDER**

DIVERSIFIED UNDERGROUND, INC.,

                              Defendant.

## INTRODUCTION

Plaintiff irth Solutions, LLC, sued Defendant Diversified Underground, Inc., for breach of contract, misappropriation of trade secrets, and a judicial declaration that Diversified is obligated to pay for the attorneys' fees irth incurs in a related lawsuit against a third party. ECF No. 1. Diversified now moves for judgment on the pleadings as to irth's attorneys' fees claim. ECF No. 20. For the reasons stated below, Diversified's motion for judgment on the pleadings is DENIED.

## BACKGROUND

irth is a company that offers a web-based software program, DigTrack, that helps utility companies manage "dig tickets." Dig tickets notify utility companies and other underground asset owners of excavation jobs that will impact their property. When a utility receives a dig ticket, it must physically mark the location of its assets at the excavation site to protect the assets and avoid interruption of services. To manage the dig tickets, utilities engage "contract locators" to identify and mark locations in response to a ticket. The contract locators, in turn, rely on software like DigTrack to successfully manage and process the dig tickets.

Diversified is a contract locator. In May 2009, it contracted with irth's predecessor, Bytronics, Inc., to license the DigTrack software. In or around November 2017, irth acquired Bytronics and was assigned the Diversified licensing agreement. Following the assignment, in

1

January 2018, irth alleges that Diversified gave a competitor, Apex Data Solutions and Services, LLC, and its owner, Kyle Murphy, access to the DigTrack software system in contravention of the licensing agreement, which allowed Murphy to steal irth's trade secrets to improve Apex's competing software system, DigTix. As a result, irth filed a misappropriation of trade secrets lawsuit against Apex and Murphy, and later filed this breach of contract and misappropriation of trade secrets lawsuit against Diversified. As part of this lawsuit, irth seeks a judicial declaration that it may recover from Diversified the attorneys' fees and costs it incurs in prosecuting its lawsuit against Apex and Murphy. ECF No. 1 at 21 (irth's fourth claim). irth contends that, because Diversified's breach of the licensing agreement forced irth to sue Apex to protect its trade secrets, Diversified should have to pay for irth's attorneys' fees and costs in the Apex lawsuit.

Diversified now moves for judgment on the pleadings dismissing irth's claim for attorneys' fees against it.

## DISCUSSION

"The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings." *Eastman Kodak Co. v. Henry Bath LLC*, 936 F.3d 86, 93 (2d Cir. 2019). "Judgment on the pleadings is appropriate if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Servs. v. Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1994). Where the terms of the contract and undisputed and unambiguous, the interpretation of a contract is a matter of law for the court. *Cue Fashions, Inc. v. LJS Distribution, Inc.*, 807 F. Supp. 334, 336 (S.D.N.Y. 1992).

Here, in support of its claim for attorneys' fees against Diversified, irth relies on Section 11.0 of the licensing agreement, which states in relevant part that:

> The CLIENT acknowledges that the DigTrack System and components that comprise it, the pricing and terms of this Agreement, are trade secrets of BYTRONICS and that if it is used in any manner not expressly authorized by this

> Agreement, BYTRONICS will suffer immediate and irreparable harm. Therefore, the CLIENT agrees that in any case of such unauthorized use or disclosure, BYTRONICS shall be entitled to an injunction against such unauthorized use or disclosure, in addition to any other rights or remedies to which it may be entitled. BYTRONICS shall be entitled to the costs and fees of any such action including but not limited to actual attorneys fees incurred. . . .

ECF No. 1-1 at 4.

Diversified requests dismissal of irth's attorneys' fees claim for two reasons.

First, Diversified argues that the language of Section 11.0 only authorizes fees against Diversified in a lawsuit against Diversified (not against a third party like Apex). The Court disagrees. Nothing in Section 11.0's language limits irth's recovery of attorneys' fees to those incurred in a lawsuit against Diversified. Instead, Section 11.0 states that in the event of any use or disclosure of DigTrack not authorized by the licensing agreement, irth shall be entitled to an injunction *against any such unauthorized use or disclosure*, and to the costs and fees of *any such action*. This language does not require the injunction or the action to be against Diversified.

Such an interpretation is contemplated under New York law, which the parties agreed would govern the licensing agreement. ECF No. 1-1 at 4. Under New York law, "if, through the wrongful act of his present adversary, a person is involved in earlier litigation with a third person in bringing or defending an action to protect his interests, he is entitled to recover the reasonable value of attorneys' fees and other expenses thereby suffered or incurred." *Travelers Cas. & Sur. Co. v. Dormitory Auth.-State of N.Y.*, 734 F. Supp. 2d 368, 386 (S.D.N.Y. 2010) (quoting *Shindler v. Lamb*, 211 N.Y.S.2d 762, 765 (N.Y. Sup. Ct. 1959) and identifying the "*Shindler* exception" as a well-recognized exception to the American Rule on attorneys' fees); *see also Versatile Housewares & Gardening Sys., Inc. v. Thill Logistics, Inc*., 819 F. Supp. 2d 230, 244 (S.D.N.Y. 2011) ("*Shindler* allows the recovery of fees incurred in prior litigation against *third parties* caused by a wrongful act, including a breach of contract, of the defendant."). Here, by allegedly allowing

3

Apex to access DigTrack, Diversified, irth's present adversary, committed a "wrongful act" that required irth to file its "earlier litigation" against a "third person," Apex. Thus, the *Shindler* exception applies to this case and irth may be able to recover attorneys' fees against Diversified arising from its lawsuit against Apex.

Second, Diversified argues that Section 9.2 of the licensing agreement, which provides that neither party shall be liable for incidental or consequential damages suffered by the other party in any matter covered by the agreement, bars irth's claim for attorneys' fees. Again, the Court disagrees. While the parties dispute whether attorneys' fees in the Apex lawsuit would constitute general or consequential damages in the instant case, the Court finds that even if they would constitute consequential damages, Section 9.2 does not bar their recovery because Section 11.0 more specifically provides for them. Where there appears to be a conflict between two contractual provisions, the specific provisions take precedence over the general ones. *Barclays Capital, Inc. v. Giddens (In re Lehman Bros. Holdings Inc.)*, 761 F.3d 303, 313 (2d Cir. 2014). Here, Section 9.2 bars the general category of "incidental or consequential damages," but Section 11.0 specifically provides for attorneys' fees and costs in an action against the unauthorized use or disclosure of DigTrack.

## CONCLUSION

For the foregoing reasons, Diversified's motion for judgment on the pleadings as to irth's claim for attorneys' fees against Diversified (the fourth claim of irth's complaint) (ECF No. 20) is DENIED.

IT IS SO ORDERED.

Dated: November 4, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court